JohNson, J.
The lease under which the defendant held the premises was unwritten, and it i not pretended that the court of magistrates and freeholders are authorized by the act of 1812 (page 39) to restore the possession to the landlord in such a case. Their jurisdiction is limited by this act, in terms, to cases where the tenant holds under a written lease.
But it is contended their power is derived from the act of 1807. (page 35.)
It it true that the laws before passed were . deficient “ in providing a prompt mode of placing landlords in posses- ■ sion after the legal termination of leases or agreements pa-rol or written, entered into between landlords and tenants; but in the enacting clauses the only power delegated to the court, and is found in the last clause is confined to those cases where the tenants shall make alterations or remove buildings erected on the premises, without the written consent of the landlord, and does not embrace the present case.
The preamble to an act may be used to explain an equivocal expression used in the enacting clause, but never to control its obvious meaning, nor to supply matter not embraced in its spirit and meaning. But in any view of this act, there can be no doubt as to this case. The preamble and enacting clause are in perfect unison. The former points out the and the latter provides a remedy for a particular case.
Gregg and Brickell, for the motion,
The case of M‘Donald and Bonner vs. Elfe (1 Nott and M‘Cord 501,) is directly in point,* and although the construction ofthe act of 1817 was not necessary to that case, it appears to have been well considered and the reasoning is very satisfactory.
Motion granted.
- — • contra-.